# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## CASE NO.: 22-14129

## LOWER TRIBUNAL CASE NO.: 1:21-cv-23148-MGC

## LEIGH ROTHSCHILD,

**Plaintiff/Appellant**

**vs.**

## GREAT NORTHERN INSURANCE COMPANY,

**Defendant/Appellee.**

_____

## APPELLANT'S REPLY BRIEF
_____

**By: */s/ Josef Timlichman***
**Josef Timlichman, Esq.**
**Florida Bar No.: 121265**

**Josef Timlichman Law, PLLC.**
**Attorneys for Plaintiff**
**2999 NE 191st Street, Suite 530**
**Aventura, FL 33180**
**Phone: (305) 748-3789**
**Facsimile: (305) 847-2441**
**josef@lawnowfl.com**

## CERTIFICATE OF INTERESTED PARTIES

Undersigned counsel for Appellant, Leigh Rothschild ("Appellant"), certifies that the following is a complete list of all known persons and entities with an interest in the outcome of this case:

The Honorable Darrin P. Gayles, United States District Judge, Southern District of Florida

Hicks, Porter, Ebenfeld & Stein, P.A, and its attorneys

Dinah Stein, Esq., Counsel for Appellee

Great Northern Insurance Company, Appellee

Josef Timlichman Law, PLLC, and its attorneys

Josef Timlichman, Esq., Counsel for Appellant

Leigh Rothschild, Appellant

Evan Holober, Counsel for Defendant

John David Dickenson, Counsel for Defendant

Cozen O'Connor, Counsel for Defendant

## IDENTIFICATION OF THE PARTIES AND
## RECORD ON APPEAL

Leigh Rothschild will be referred to as the Appellant. Great Northern Insurance Company will be referred to as the Appellee.

References to the Appendix shall be referred to as "App'x" followed by the appropriate page number.

# TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS

STATEMENT OF ISSUES RAISED IN APPELLEE'S ANSWER BRIEF

ARGUMENT

I. The Concurrent Causation Doctrine Precludes Entrance of
   Summary Judgment in Favor of Great Northern

 II. Additional Grounds for Reversal

 A. The Faulty Planning, Construction, or Maintenance Exclusion
    Does Not Bar Coverage Because of the Applicability of the Concurrent
    Causation Doctrine

 B. Appellant Established that the Alleged Loss Occurred During
   the Policy Period

 C. Appellant Established that Water Damage Occurred to the Insured Property

 D. Plaintiff Established Damages Exceeding the Policy's $2500 Deductible

 CONCLUSION

 CERTIFICATE OF SERVICE

 CERTIFICATE OF COMPLIANCE

# TABLE OF CITATIONS
## <u>Case Law</u>

*Alsina–Ortiz v. Laboy*,
    400 F.3d 77, 80 (1st Cir.2005).                              5

*Caban Hernandez v. Philip Morris USA, Inc.,*
    486 F.3d 1, 7 (1st Cir. 2007).                                9

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).    6

*Fed. Trade Comm'n v. Consumer Collection Advocs., Corp.,*
    668 F. App'x 357, 358 (11th Cir. 2016).                      7

*Foman v. Davis*,
    371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).    6

*Francis v. Tower Hill Prime Ins. Co*.,
    224 So. 3d 259 (Fla. Dist. Ct. App. 2017).                13

*Gordon v. Terry,*
    684 F.2d 736, 744 (11th Cir.1982).                       9

*Hilburn v. Murata Elects. N. Am., Inc.*,
    181 F.3d 1220, 1227–28 (11th Cir.1999).               9

*Holtz v. Rockefeller & Co.*,
    F.3d 62, 74 (2d Cir.2001).                          6

*Lewis v. Ind. Wesleyan Univ.*,
    36 F.4th 755 (7th Cir. 2022).                         8

*Javellana v. Tower Hill Signature Ins. Co*.,
    23 Fla. L. Weekly Supp. 1031, 2016 WL 3971028 (Fla. 11th Cir. Ct. 2016).  13

*Jones v. Federated Nat. Ins. Co*.,
    235 So. 3d 936, 941 (Fla. 4th DCA 2018).                11

*Mama Jo's, Inc. v. Sparta Ins. Co*.,
    No. 17-cv-23362, 2018 WL 3412974, (S.D. Fla. June 11, 2018).    13

*Mann v. Taser Int'l, Inc*.,
    588 F.3d 1291 (11th Cir. 2009).                        5

*Mejia v. Citizens Prop. Ins. Corp.*,
    161 So. 3d 576, 578 (Fla. 2d DCA 2014).                          11

*Porben v. Atain Specialty Ins. Co.*,
    546 F.Supp.3d l 325 (S.D. Fla. 2021).                          12

*Reese v. Herbert*,
    527 F.3d 1253 (11th Cir. 2008).                          5

*Sec. First Ins. Co. v. Czelusniak*,
    305 So. 3d 717 (Fla. Dist. Ct. App. 2020).                          11

*State Farm Mut. Auto. Ins. Co. v. Muse*,
    No. 20-13319, 2022 WL 413417, (11th Cir. Feb. 10, 2022).                          8

*State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v.*
*B&A Diagnostic, Inc.*,
    145 F. Supp. 3d 1154, 1158–59 (S.D. Fla. 2015).                          8

*Waldridge v. American Hoechst Corp.*,
    24 F.3d 918, 921 (7th Cir. 1994).                          9

## Rules and Statutes

S.D. Local Rule 56.1(b)(1)(B).                          4

**STATEMENT OF ISSUES RAISED IN APPELLEE'S ANSWER BRIEF**

Appellee argues that the concurrent causation doctrine is inapplicable in this matter because Appellant did not set forth any evidence that a covered loss was a cause of the damage. However, Appellant has set forth record evidence that a covered loss occurred. First, Plaintiff's expert engineer, Mario Farnesi opined in his Water Intrusion Report that a rainwater intrusion was the direct cause of loss. [Doc. 29. Ex. 10. Pg. 19]. Second, Farnesi dedicated an entire page in his report to the rainwater event that was the cause of loss, identifying the day November 12, 2021 where 0.72 inches of rain water fell in the matter of three hours. [Doc. 29. Ex. 10. Pg. 20]. Third, Appellant elicited testimony from the Appellee's corporate representative who admitted that rainwater intrusions are a covered loss. [Doc. 50. Ex. 5. Pg. 62].

Next, Appellee argues that Appellant did not have any citations to the record in its statement of undisputed facts. Not only was this issue not raised in Appellee's motion for summary judgment, but it wasn't even raised by the trial court in rendering its decision. [Doc. 81]. While Appellant inadvertently did not make citations to specific docket entries as per the local rules, it did make specific citations to the record, including page and line citations to deposition transcripts and citations to specific exhibits. [Doc. 31. Page 218]. Appellee did not suffer any prejudice from this way of citing to the record. It is within the Court's discretion whether or not to

take the drastic remedy of striking a party's statement of undisputed facts for not complying with this rule.

Next, Appellee raises an argument that not only does the "gradual or sudden loss" exclusion apply, but so does the "faulty planning, construction or maintenance" exclusion. However, these arguments fail because when there are multiple potential causes of loss, the concurrent cause doctrine applies, which states as long as one of the contributing causes is a covered loss, summary judgment is improper and creates a question of a material fact for a jury to decide.

Additionally, Appellee argues that Appellant failed to establish that the covered loss occurred during the policy period. However, this argument fails because Appellant's deposition testimony established that water was pouring into the downstairs parking garage from his unit and he was contacted by the property management company which occurred during the applicable periods of insurance coverage. [Doc. 36. Ex. 2]. Further, Appellant's expert also opined that the loss occurred on November 12, 2021. [Doc. 29. Ex. 10. Pg. 20].

Further, Appellee attempts to suggest that Appellant did not establish that he sustained any damage to his unit. This argument fails because the record evidence demonstrates Appellant sustained damage because Plaintiff testified that he needed to replace his marble tile floors and Farnesi's report includes photographic damage to Plaintiff's unreplaced marble tiles. [Doc. 29. Ex. 10.]

Lastly, Appellee argues that the Appellant did not demonstrate damages above the $2500 deductible. This argument fails because the testimony of Appellant creates an issue of material fact because he testified that he had an estimate prepared by an estimator who assessed the damages into the six figure range, Appellant testified that he would have to move out of the home temporarily to do the necessary repairs, and testified that he was expecting the cost to replace the marble floors within the six figure range. [Doc. 36. Ex. 2]. Further, Plaintiff submit a sworn proof of loss and Farnesi testified that he is qualified to be a damage expert. [Doc. 25. Ex. 3.] and [Doc. 29. Ex. 9. Pg. 52].

## ARGUMENT

### I.     The Concurrent Causation Doctrine Precludes Entrance of Summary Judgment in Favor of Great Northern

The application of the concurrent causation doctrine barred entrance of summary judgment because Appellant established through his expert Mario Farnesi, that a rainwater intrusion was a cause of the loss, which Appellee's corporate representative admitted is not excluded under the policy.

Appellee's central argument is that Appellant did not sufficiently point to any record evidence to establish that a rainwater intrusion was a cause to the loss. This is not supported by the record. Appellant cited to testimony from Farnesi's testimony and report which clearly identifies that a rainwater intrusion was a cause to this loss.

"Our investigation, inspection, and review of the documents provided, noted    the above documented damage to the patio tile floor system and electrical components in the parking garage <u>as a result of water migration</u> caused by a crack in the building structure that damaged the patio's waterproofing system." [emphasis added]. [Doc. 29. Ex. 10. Pg. 20]

Appellant not only gave a pinpoint citation to the record in its response to the Appellee's Motion for summary judgement but Appellant block quoted Farnesi's testimony at page 52 of his transcript with the following evidence from the record:

2 A. So what I did was I started reviewing
3 precipitation levels, more of an accumulation in a short
4 period. I found from the time that the notification was
5 given would have been on November 12, 2020.
6 Q. So you believe that the water event that you
7 identified on November 12th had produced enough water
8 precipitation to cause the leak that was the cause of
9 the shortage in that electric box.
10 A. I do, just because if it would have been prior
11 to that I think the -- what caused the notification to
12 be given would have occurred earlier to that as well.

[Doc. 29. Ex. 9. Pg. 52].

Contrary to Appellee's arguments, Appellee admits in its answer brief, that the above testimony and opinion was included in Appellant's motion for summary judgment opposition. As such, the trial court erred in not applying the concurrent causation doctrine.

Next, Appellee takes issue with the style of citations Appellant used in his statement of material facts arguing it does not confirm with the S.D. Local Rule

56.1(b)(1)(B) specifically for not making docket entry citations in its statement of material facts. However, this issue was not raised by the trial court in rendering its decision or raised in Appellees motion for summary judgment. [Doc. 81].

Local Rule 56.1 protects judicial resources by "mak[ing] the parties organize the evidence rather than leaving the burden upon the district judge." *Alsina–Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir.2005) (referring to analogous local rule). While Appellant did not make citations to specific docket entries as per the local rules, it did make specific citations to the record. See *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008), holding that only completely uncited statements of material fact can be ignored and/or struck.  Here, Appellant gave specific citations to deposition transcripts with page/line citations, and expert reports. Further, both parties relied on the same record evidence and Appellee had already filed and cited to these docket entries in its motion, which the district court was already relying on, nor was the district court was not left confused or searching the record for Appellant's citations.

In support of Appellee's contention that Appellant's statement of material facts should be stricken, it relies on the case of *Mann v. Taser Int'l, Inc*., 588 F.3d 1291 (11th Cir. 2009), however, that case is not applicable here because in *Mann* the plaintiff's failure to comply with Rule 56.1 was because its answers were convoluted, argumentative and non-responsive. In *Mann* Plaintiffs' statement of

material facts consisted of 146 paragraphs, many with multiple subparts which left the court confused and searching for specific documents. The court then put plaintiffs on notice of the deficiency, and they took no steps to make corrections.

Here, Appellant was not given any notice of the deficiencies until the filing of Appellee's answer brief. Moreover, Appellant's statement of material facts gives pinpoint citations to specific exhibits and deposition testimony, which the district court already was relying on in its decision. *Id*. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). ("It is…entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").  While the local rules state that any failure to comply with the rule *can* result in the party's statement being stricken or the granting of relief to the opposing party, it does not say it *must. See* S.D. Fla. L.R.56.1(b).

Assuming *arguendo* that this court were to strike Appellant's statement of material facts, this court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "That is, the movant is not absolve[d] ... of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Reese*

*v. Herbert* at 1268–69 (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir.2001).

In the instant matter the Appellee goes into great detail to point out that the concrete spalling and other exclusion issues, but conveniently ignores the testimony regarding the rainwater intrusion. The Appellee does however admit in its answer brief that Mr. Farnesi testified that he had reviewed precipitation levels prior to the time that Plaintiff was notified of the leak and *determined that there was an accumulation in a short period sufficient to cause damage to the electrical box in the garage*. Appellee attempts to gloss over this crucial and fatal to their argument fact by claiming this is not relevant because the garage is not part of the insure property. The problem with that argument however is it doesn't matter whether the garage is part of the insured property, Appellant is claiming damage to its marble floors starting in its patio, the rain water pouring out into the garage is simply where the water ended up, but not where it started and does not take into the account the damage it caused within that process, or the necessary repairs needed to prevent that leak from reoccurring.

Next, Appellee relies on *Fed. Trade Comm'n v. Consumer Collection Advocs., Corp.,* 668 F. App'x 357, 358 (11th Cir. 2016) but that case is distinguishable because there "the Defendants filed a response to the summary judgment motion that did not comply with Rule 56(c)(1) in that many factual assertions were not

supported by citations to the record. In addition, the Defendants failed to file their own statement of material facts in opposition to, or to controvert, the FTC's statement of facts, as required by the Southern District of Florida's Local Rule 56.1(a)." Here the Appellant did file its own statement of material facts in opposition, which was not stricken, and Appellant did provide pinpoint citations to page and paragraph numbers.

Appellee also relies on *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755 (7th Cir. 2022), however this case is inapplicable because *Lewis*, is an employment discrimination case, which relies on a four-pronged element test pursuant to the *McDonnell Douglas* standard. In that case the Seventh Circuit was analyzing whether *Lewis* met the four elements of her case, and not whether she made citations to the record. There she did not proffer any evidence to support her argument.

Next, Appellee relies on *State Farm Mut. Auto. Ins. Co. v. Muse*, No. 20-13319, 2022 WL 413417, (11th Cir. Feb. 10, 2022), however this case is also distinguishable because the court found that there were no citations to the records at all. That is not the case here.

Appellee then relies on *State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc.,* 145 F. Supp. 3d 1154, 1158–59 (S.D. Fla. 2015), for the proposition that "Rules like Local Rule 56.1(b) serve more than a technical purpose, and are held in great esteem by courts around the Country." But in *State*

*Farm* the "Defendants offered only conclusory and self-serving declarations in an attempt to create a genuine issue of material fact, which again is not the case at bar. Appellee also relies on *Gordon v. Terry,* 684 F.2d 736, 744 (11th Cir.1982) and *Hilburn v. Murata Elects. N. Am., Inc.*, 181 F.3d 1220, 1227–28 (11th Cir.1999) for the same basis.

The Appellee also cites to *Caban Hernandez v. Philip Morris USA, Inc.,* 486 F.3d 1, 7 (1st Cir. 2007). *Hernandez* is equally inapplicable because there the "appellants did not admit, deny, or qualify *Philip Morris's* assertions of fact paragraph by paragraph as required by Local Rule 56(c). Instead, they submitted an alternate statement of facts in narrative form." Again that is not at issue here.

Finally, Appellee relies on *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994). Appellee attempts to use this Indiana case, which does not follow the local rules of the Southern District of Florida to emphasize the endorsing of the obligation of the rules. However, in that case "The summary judgment memorandum that Ms. Waldridge filed fell far short of the requirements of Rule 56.1. Although she did include a "Statement of Genuine Issues" in her memorandum, she did not make any effort to identify with specificity what factual issues were disputed, let alone supply the requisite citations to the evidentiary record." Again that is not what is being disputed here.

Thus, it is clear even by Appellee's own line of case law, that Appellant did provide enough appropriate pinpoint citations and record evidence to demonstrate there are issues of material fact.

## II.    Additional Grounds for Reversal

### A.    The Faulty Planning, Construction, or Maintenance Exclusion Does Not Bar Coverage Because of the Applicability of the Concurrent Causation Doctrine

Appellee contends that in addition to the "Gradual or Sudden Loss" exclusion, the trial court could have also granted summary judgment based on the "Faulty Planning, Construction, or Maintenance" exclusion. Appellant does not argue that this is also a covered loss, however, it is inapplicable here because of the concurrent causation doctrine, which only requires Appellant to come forward with evidence to create an issue of material fact that there was also a covered cause of the loss. "A policyholder needs to only prove that one of the causes is a covered peril." See *Sebo v. Am. Home Assurance Co*., 208 So. 3d 694 (Fla. 2016).

As explained in further detail *supra*, Appellant has established that Farnesi testified at his deposition and opined in his report that a rainwater intrusion was a cause for this loss. [Doc. 29. Ex. 10.]

### B.    Appellant Established that the Alleged Loss Occurred During the Policy Period

Next, Appellee contends that Appellant did not establish that a covered loss

occurred during the policy period of December 5, 2019 – December 5, 2020. The case law Appellee relies on opines that the insured has a burden of proving that a covered loss occurred during the policy period, *but not the exact date of loss*. See *Mejia v. Citizens Prop. Ins. Corp.*, 161 So. 3d 576, 578 (Fla. 2d DCA 2014). Appellee also relies on the matter of *Sec. First Ins. Co. v. Czelusniak*, 305 So. 3d 717 (Fla. Dist. Ct. App. 2020), which actually held that "With an all-risk policy, the insured is only required to prove that damage occurred *during* the policy period." [emphasis added]. See also, *Jones v. Federated Nat. Ins. Co.*, 235 So. 3d 936, 941 (Fla. 4th DCA 2018). As such, an exact date of loss is not required so long as it occurred within the policy period.

Here, not only does Appellee's own expert give a date of loss within the policy period [Doc. 36. Ex. 3], but Appellant testified that he was told by property management in November 2020 that water was leaking from his apartment into the parking garage. [Doc. 36. Ex. 2]. Appellant then inspected his property, saw damage to his marble tiles and reported the loss on November 25, 2020, which is within the policy period. *Id*.

### C.    Appellant Established that Water Damage Occurred to the Insured Property

Appellee contends that the only damage that occurred was to the downstairs parking garage. Appellant does not contend that the parking garage is covered property. However, Appellant testified specifically to the fact that he suffered

damage to his marble tiles, will suffer loss of use, and that he will need to replace all his tiles, which undisputedly is part of the covered property. [Doc. 36. Ex. 2. Pg. 24].

> "The insurer inspected the garage, inspected my patio. Told me that this would be a large scale matter. That they would call in their restoration people. The restoration company came. I think it was Baxter Restoration, but I'm not sure. And said that this would be a substantial claim because the patio tile was the same tile, same marble, same marble that was in the first and second floor of my house. And in order to match all of the marble from the first and second floor would have to be repaired. Replaced, replaced, not repaired. Replaced along with the patio. The patio would have to be, you know, redone and sealed. The garage would have to be fixed. It would be a substantial job, which would require me to be out of the house for several months because it would involve removal of the kitchen. Replacement of some things in the kitchen. Storage and removal of my artwork. I have extensive art holdings in the house that they guaranteed – the person at Chubb said that they would guarantee to crate and box my artwork and put it in storage with security because the artwork itself was insured by Chubb in a separate policy.

Further, photographic damage to the marble tiles are included in Farnesi's report who testified that he is qualified to be a damage expert. [Doc. 29. Ex. 10].

### D. Plaintiff Established Damages Exceeding the Policy's $2500 Deductible

Appellee argues Appellant has not established damages in excess of the $2500 policy deductible. However, Appellee's case decisions discuss the *scope* of damages and not the *amount* of damages. Appellee relies on *Porben v. Atain Specialty Ins. Co.*, 546 F.Supp.3d l 325 (S.D. Fla. 2021), however, the Court in *Porben* held that,

"In insurance coverage disputes such as this, it is well-settled that expert evidence is *generally* necessary to establish the *cause* and *scope* of damage." [emphasis added]. See *Mama Jo's, Inc. v. Sparta Ins. Co*., No. 17-cv-23362, 2018 WL 3412974, (S.D. Fla. June 11, 2018) ("While an expert is not necessary in all breach of contract cases, here the crucial question — *whether [a covered cause of loss] caused* damage to Plaintiff's property [—] is not one a lay witness can answer". There is a difference between cost of damages, and *scope* of damages. Appellee's use of *Proben* is misplaced.

In fact, the applicable authority to the case at hand, directly contradicts Appellee's contentions. Not only does Appellant's expert testify that he is qualified to testify as to damages, but Appellant has submitted a proof of loss and estimate to Appellee reflecting the amount of damages sustained. See *Javellana v. Tower Hill Signature Ins. Co*., 23 Fla. L. Weekly Supp. 1031, 2016 WL 3971028 (Fla. 11th Cir. Ct. Mar. 31, 2016), holding that plaintiff's deposition testimony and a sworn proof of loss *was enough evidence as to damages to defeat summary judgment*. See also *Francis v. Tower Hill Prime Ins. Co*., 224 So. 3d 259 (Fla. Dist. Ct. App. 2017), holding that an appraiser estimate and proof of loss for damages is enough to defeat summary judgment.

Here, Appellant testified to damages exceeding the policies $2500 deductible, testified as to itemized losses including marble tiles and loss of use, and he submitted

a sworn proof of loss. [Doc. 25. Ex. 3.] Further, Appellant relies on his expert Mario Farnesi, who testified that he is qualified to opine on damages. [Doc. 25. Ex. 3.] and [Doc. 29. Ex. 9. Pg. 52]. As such, Appellant has proffered enough evidence of damages that the amount of awardable damages should be sent to a jury for consideration.

## CONCLUSION

Based on the foregoing, the Order on Appellee's Motion for Summary Judgment should be quashed and reversed, and for all other and further relief this Honorable Court deems just and proper.

Respectfully Submitted,

/s/ Josef Timlichman

JOSEF TIMLICHMAN,Esq.
Florida Bar No.: 121265

JOSEF TIMLICHMAN LAW, PLLC

2999 NE 191st Street, Suite 530

Aventura, FL 33180

Phone: (305) 847-2441

Fax: (305) 847-2441

josef@lawnowfl.com

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(g)(1)</u>

I certify that this document complies with the type-volume limitation set forth

in FRAP 32(g)(1). This documents contains 4256 words.

Respectfully submitted,

By: *<u>/s/ Josef Timlichman</u>*
Josef Timlichman, Esq.
Florida Bar No.: 121265

Josef Timlichman Law, PLLC.
Attorneys for Plaintiff
2999 NE 191st Street, Suite 530
Aventura, FL 33180
Phone: (305) 748-3789
Facsimile: (305) 847-2441
Josef@lawnowfl.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

**Hicks, Porter, Ebenfeld & Stein P.A.**
Counsel for Appellee
799 Brickell Plaza, 9th Floor
Miami, FL 33131

Dinah Stein, Esq.
Florida Bar No. 98272